**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

UNITED STATES OF AMERICA,

**03-22884**

Plaintiff,

vs.

**CIV-LENARD**

ANY AND ALL ASSETS OF
THE BATALLA SETTLEMENT, HELD BY MAGISTRATE JUDGE
THE GENERAL TRUST COMPANY S.A., SIMONTON
AS TRUSTEE, PRINCIPALITY OF MONACO,
FURTHER DESCRIBED ON SCHEDULE A
ATTACHED HERETO,

ANY AND ALL ASSETS OF
THE CHILDREN'S ASSISTANCE TRUST, HELD BY
THE GENERAL TRUST COMPANY S.A.,
AS TRUSTEE, PRINCIPALITY OF MONACO,
FURTHER DESCRIBED ON SCHEDULE A
ATTACHED HERETO,

and

ANY AND ALL FUNDS IN
ACCOUNT NO. 20357480001
IN THE NAME OF
"QUADRANGLE NOMINEES LTD K207"
AT BARCLAY'S BANK PLC,
PRINCIPALITY OF MONACO,
FURTHER DESCRIBED ON SCHEDULE A
ATTACHED HERETO,

Defendants.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, files this civil Complaint for Forfeiture in Rem

against the above-captioned defendant properties and states:

1.    This is a civil action for forfeiture in rem of the above-captioned defendant properties.



2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1395 and 2461.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1355(b), because certain acts and omissions giving rise to the forfeiture, and upon which this cause of action is based, occurred within the Southern District of Florida.

4.    The defendant properties are more particularly described as:

a) ANY AND ALL ASSETS OF THE BATALLA SETTLEMENT, HELD BY THE GENERAL TRUST COMPANY S.A., AS TRUSTEE, PRINCIPALITY OF MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO,

b) ANY AND ALL ASSETS OF THE CHILDREN'S ASSISTANCE TRUST, HELD BY THE GENERAL TRUST COMPANY S.A., AS TRUSTEE, PRINCIPALITY OF  MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO, and

c) ANY AND ALL FUNDS IN ACCOUNT NO. 20357480001 IN THE NAME OF "QUADRANGLE NOMINEES LTD K207" AT BARCLAY'S BANK PLC, PRINCIPALITY OF MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO.

5.    The defendant properties have been or will be restrained pursuant to lawful authority of the government of the Principality of Monaco, pending commencement of these proceedings and the issuance of process from this Court.

6.    Upon service of a Warrant of Arrest In Rem entered by the Court, the Court will have constructive control over the defendant properties pursuant to 28 U.S.C. § 1355(b)(2). Jurisdiction of the Court over the defendant properties is conferred by its constructive control of the properties

2

pursuant thereto.  See also United States v. All Funds on Deposit in the Name of Meza, et al., 856 F. Supp. 759 (E.D.N.Y. 1994), aff'd, 63 F.3d 148 (2d Cir. 1995), cert. denied, 517 U.S. 1155 (1996).

7.    The defendant properties are traceable to exchanges of illegal controlled substances ("drug proceeds").  Those drug proceeds include, but are not limited to, any and all forms of bank accounts, securities, investments, stocks, bonds, trusts, loans, receivables, or currency in any form, and all accrued interest thereon, which were created with or emanate from funds placed in two original trust accounts established at Abacus Financial Services Limited ("Abacus"), St. Helier, Jersey  (Channel Islands) ("Jersey"), or its predecessor(s), under the names of Queen Noelle Settlement and Harmony Trust.

8.    The United States of America seeks the forfeiture of the defendant properties  pursuant to 21 U.S.C. § 881(a)(6),  arising from felony violations of  21 U.S.C. §§ 801 et seq., on the ground that the defendant properties are proceeds traceable to one or more exchanges for a controlled substance.

9.    Pursuant to 21 U.S.C. § 881(a)(6), all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, shall be subject to forfeiture to the United States and no property right shall exist in them.

10.    Marijuana is a controlled substance as defined in 21 U.S.C. §§ 802 and 812.

## FACTUAL BACKGROUND OF THE INVESTIGATION

### The Southern District of Florida Investigation

11.    Paul Edward Hindelang Jr. ("Ed Hindelang") illegally smuggled marijuana into the United States in the 1970s and until 1981.

3

12.     In 1981, Ed Hindelang was indicted for and pled guilty to the importation of approximately 500,000 pounds of marijuana and conspiring to import an additional 150,000 pounds of marijuana into the Eastern District of Louisiana and elsewhere, including the Southern District of Florida, in United States v. Paul Edward Hindelang, Jr., et al., CR 81-109, section F (E.D. La. May 7, 1981).   Additionally, he agreed to forfeited $640,000 in United States currency in drug proceeds to the United States pursuant to 21 U.S.C. § 881(a)(6).

13.     In or about December of 1997, Ed Hindelang met with law enforcement agents and admitted that at the time of his plea agreement in 1981, he had concealed approximately $32 million in additional drug proceeds outside the United States.

14.     Ed Hindelang further stated that in or about 1980, he turned over control of his drug proceeds, including accounts located at Union Bank of Switzerland ("UBS") and elsewhere to Tomas Batalla Esquivel ("Batalla"), who was to act as Ed Hindelang's nominee.   In furtherance of his efforts to conceal and otherwise inhibit the United States from discovering these offshore drug proceeds, Ed Hindelang removed his name from the UBS account(s) and had Batalla assume control.

15.     Batalla and others subsequently caused the transfer of Hindelang's drug proceeds out of Switzerland and elsewhere and into Abacus or its predecessor(s).

16.     In 1998, Ed Hindelang agreed to and did forfeit $50 million to the United States pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.   The funds used to satisfy this agreement came from the Jersey and Guernsey accounts with the assistance of Batalla.   Absent any challenge to the forfeiture, the Court accepted as true the allegations set forth in the Complaint concerning the origin and nature of the $50 million as drug proceeds.   A *Default Judgment for Forfeiture* was entered in

4

the case of <u>United States of America v. Fifty Million Dollars in U.S. Currency, Plus Accrued Interest</u>, Case No. 98-3090-Civ-Hoeveler (S.D. Fla. May 27, 1999).

**The Jersey Investigation**

17.    In or about August 1999, the investigation revealed that Abacus was managing funds connected to Ed Hindelang's drug trafficking activities.

18.    Review of documents from Abacus revealed that in 1981, the firm received funds from UBS and elsewhere for the alleged benefit of Batalla.  Subsequently, two trusts were created: the Queen Noelle Settlement and the Harmony Trust.  It was through these two trusts that Ed Hindelang's drug proceeds first entered Abacus, and it was from the funds settled into these two trusts that all subsequent trusts, settlements and/or accounts were created.

19.    The Abacus documents indicated that no other significant capital contributions were made into the Queen Noelle Settlement or the Harmony Trust, or any trusts, settlements or accounts subsequently created, other than the initial deposits of Ed Hindelang's drug proceeds.

20.    Abacus documents reveal that after the establishment of the Queen Noelle Settlement and the Harmony Trust, a number of complex networks of interrelated trusts and corporate entities were created to facilitate and carry out the purpose of the trusts.  Funds from the Queen Noelle Settlement and the Harmony Trust were used to fund successor trusts, settlements, accounts and other corporate entities.

**Civil Forfeiture Actions**

21.    Four civil complaints for forfeiture were filed in the Southern District of Florida seeking the forfeiture of certain assets located in Jersey, Guernsey and Colorado in: 1) <u>United States v. All Funds Within Sixteen (16) Accounts Held in the Financial Institutions Located in the States</u>

5

of Jersey (Channel Islands) as listed in "Attachment A," Case No. 00-0656-Civ-Middlebrooks; 2) United States v. Real Property Located at 2211 East Sopris Creek Road, Basalt, Pitkin County, Colorado, Case No. 00-2850-Civ-Middlebrooks; 3) United States v. All Assets Listed on Schedule A Hereto, etc., Case No. 01-1181-Civ-Middlebrooks; and 4) United States v. All Funds and All Contents Held In Account No. 2029-561-38169, in the Name of Empire World Holdings, At the Royal Bank of Scotland International, St. Peter Port, Guernsey, and Any Accrued Interest or Appreciation Thereon; and All Funds and All Contents Held in Account No. 90825867, in the Name of Trans-global 1996, at Barclays Bank Plc, St. Peter Port, Guernsey, and Any Accrued Interest or Appreciation Thereon, Case No. 01-3454-Civ-Middlebrooks. The complaints alleged that those assets originated from the Queen Noelle Settlement or the Harmony Trust which had been funded with Ed Hindelang's drug proceeds.

22. Judge Middlebrooks granted summary judgment in the first two cases in favor of the United States and against the Claimants for 1) lack of standing, and 2) after finding that the government met its burden of probable cause, found that both Claimants failed to establish their respective innocent ownership defenses. In the second two cases, he granted a partial summary judgment in favor of the United States against Claimant Batalla for lack of standing, granted a stay for Claimant Batalla regarding three (3) assets and granted a stay for Claimant Starr. The stays are still pending.

### FACTS REGARDING NEWLY DISCOVERED ASSETS

### The Principality of Monaco ("Monaco") Investigation

23. The investigation has revealed that in 1991, The Batalla Settlement (Monaco) and the now-terminated TBE Settlement (Monaco) were established and funded with approximately $13

million derived from the Queen Noelle Settlement and Harmony Trust, which were traceable to Ed Hindelang's drug proceeds.

24.     The investigation revealed that the trusts and/or settlements were managed or administered by Landmark Management S.A.M. ("Landmark"), or its predecessor(s), a financial services firm located in Monaco. The trusts include The Batalla Settlement, the now-terminated TBE Settlement, The Children's Assistance Trust, and the now-terminated Duke Settlement. The trustee for these trusts and/or settlements is the General Trust Company S.A. administered by Landmark.

25.     The investigation revealed that presently existing companies associated with the Batalla Settlement (Monaco) include, inter alia, Yateley Investments Limited, a BVI corporation; Shaboom Investments Inc., a Panama corporation; Shaboom Oil Inc., a U.S. corporation; and Broadhurst Development Corp., a Panama corporation.

26.     The investigation revealed that the Batalla Settlement (Monaco) funded a bank account in the name of Quadrangle Nominees Ltd. K207, account number 20357480001, at Barclay's Bank, PLC, Monaco.

27.     The Batalla Settlement also funded an account located at HSBC Republic Bank; an account at Merrill Lynch; and acquired 27 shares of Quantum Endowment Fund NV; 2,482.691 shares of Asian Infrastructure Development Holdings Ltd.; 3,530.004 shares of Quantum Industrial Holdings Ltd.; 12,082 shares of Dolphin Fund PLC; and a Metropolitan Life Insurance policy.  In addition, loans were often made between and among the trusts and/or settlements and the related corporate entities.

28.     Based on the totality of the circumstances a described above, the defendant properties were purchased with drug proceeds traceable to the drug trafficking activities of Ed Hindelang.

## FORFEITURE ALLEGATION - DRUG PROCEEDS

29.    The allegations contained in paragraphs 1 through 28 are re-alleged and incorporated by reference as though fully set forth herein.

30.    The defendant properties,

a) ANY AND ALL ASSETS OF THE BATALLA SETTLEMENT, HELD BY THE GENERAL TRUST COMPANY S.A., AS TRUSTEE, PRINCIPALITY OF MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO, AND

b) ANY AND ALL ASSETS OF THE CHILDREN'S ASSISTANCE TRUST, HELD BY THE GENERAL TRUST COMPANY S.A., AS TRUSTEE, PRINCIPALITY OF  MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO; AND

c) ANY AND ALL FUNDS IN ACCOUNT NO. 20357480001 IN THE NAME OF "QUADRANGLE NOMINEES LTD K207" AT BARCLAY'S BANK PLC, PRINCIPALITY OF MONACO, FURTHER DESCRIBED ON SCHEDULE A, ATTACHED HERETO,

were derived from funds which originated from or are traceable to the Queen Noelle Settlement or the Harmony Trust.  The defendant properties, therefore, represents proceeds of the drug trafficking activities of Ed Hindelang.

31.    Based upon the totality of the circumstances as described above, the said defendant properties constitute proceeds traceable to one or more  exchanges for a controlled substance, in violation of 21 U.S.C. §§ 801, et seq.

32.    By reason of the foregoing, the said defendant properties are subject to seizure pursuant to the provisions of 21 U.S.C. § 881(b), and forfeiture to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

WHEREFORE, Plaintiff, the United States of America, requests the Court to issue a Warrant of Arrest In Rem for the defendant properties, including any interest or appreciation thereon, and to bring the defendant properties within its jurisdiction pursuant to such Warrant of Arrest In Rem. Plaintiff further requests the Court to direct any and all persons having any claim to or interest in the defendant properties to file and serve their verified claims and answers as required by the Supplemental Rules for Certain Admiralty and Maritime Claims and 18 U.S.C. § 983(a)(4), or suffer default thereof; to declare the defendant properties condemned and forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), for disposition according to law; and to grant the United

States such other and further relief as the Court deems just and proper, together with costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *Barbara Papademetriou*

BARBARA PAPADEMETRIOU
ASSISTANT U.S. ATTORNEY
FLORIDA BAR NO. 0880086
99 NE 4TH STREET
MIAMI, FLORIDA  33132
TEL:  (305) 961-9036
FAX: (305) 536-7599

## VERIFICATION

I, Deborah Keuthan Crane, Special Agent with the United States Immigration and Customs Enforcement, hereby declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture in Rem is based on information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this 28 day of  OCTOBER         2003.

*Deborah Keuthan Crane*

DEBORAH KEUTHAN CRANE
SPECIAL AGENT
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

***"SCHEDULE A" TO COMPLAINT***

## THE GENERAL TRUST COMPANY S.A., AS TRUSTEE, PRINCIPALITY OF MONACO

1.    The Batalla Settlement, any and all assets including but not limited to any and all earned and/or accrued interest thereon and any payments related thereto

    1.    Yateley Investments Limited
        All ownership shares of Yateley Investments Limited and any and all assets of Yateley Investments Limited, including but not limited to:

        1.    Account no. 678923 located at HSBC Republic Bank

Any and all funds on held on behalf of Yateley Investments Limited in account no. 678923 in the name of "Onjet International Co. Inc. USD current account"at the HSBC Republic Bank, Monaco, any and all accrued interest thereon, and any payments related thereto

        2.    Merrill Lynch USD Current account

Any and all funds on held on behalf of Yateley Investments Limited in account no. 122-07087 in the Merrill Lynch USD Current account at Merrill Lynch, Monaco, any and all accrued interest thereon, and any payments related thereto

        3.    Merrill Lynch USD Call account

Any and all funds on held on behalf of Yateley Investments Limited in account no. 122-07087 in the Merrill Lynch USD Call account at Merrill Lynch, Monaco, any and all accrued interest thereon, and any payments related thereto

        4.    Merrill Lynch USD Deposit account

Any and all funds on held on behalf of Yateley Investments Limited in account no. 122-07087 in the Merrill Lynch USD Deposit account at Merrill Lynch, Monaco, any and all accrued interest thereon, and any payments related thereto

11

5.      27 shares of Quantum Endowment Fund NV

27 shares of Quantum Endowment Fund NV and any payments related thereto on behalf of Yateley Investments Limited in account no. 007927 in the name of "Onjet International Co. Inc. A/C Yatelely"

6.      2,482.691 shares of Asian Infrastructure Development Holdings Ltd.

2,482.691 shares of Asian Infrastructure Development Holdings Ltd. and any payments related thereto on behalf of Yateley Investments Limited in account no. 004279 in the name of "Onjet International Co. Inc. A/C No. 25025"

7.      3,530.004 shares of Quantum Industrial Holdings Ltd.

3,530.004 shares of Quantum Industrial Holdings Ltd. and any payments related thereto, on behalf of Yateley Investments Limited in account no. 005841 in the name of "Onjet International Co. Inc. A/C No. 25025"

8.      12,082 shares of Dolphin Fund PLC

12,082 shares of Dolphin Fund PLC and any payments related thereto, on behalf of Yateley Investments Limited in the name of "Onjet International Co. Inc. A/C Yateley"

9.      Metropolitan Life Insurance policy no. 930350375A

Metropolitan Life Insurance policy  no. 930350375A owned by Yateley Investments Limited

2.      Shaboom Investments Inc.

All ownership shares of Shaboom Investments Inc.,  any and all assets including but not limited to any and all earned and/or accrued interest thereon, and any payments related thereto

1.      Shaboom Oil Inc.

All ownership shares of Shaboom Oil Inc., any and all assets including but not limited to any and all earned and/or accrued interest thereon, and any payments related thereto

    2.       Broadhurst Development Corp.

               All ownership shares of Broadhurst Development Corp., any and all assets including but not limited to any and all earned and/or accrued interest thereon, and any payments related thereto

2.     The Children's Assistance Trust, any and all assets including but not limited to any and all earned and/or accrued interest thereon and any payments related thereto

### BARCLAY'S BANK PLC, PRINCIPALITY OF MONACO

"Quadrangle Nominees Ltd K207" account

Any and all funds in account no. 20357480001 in the name of "Quadrangle Nominees Ltd K207" at Barclay's Bank PLC, Monaco, any and all accrued interest thereon, and any payments related thereto

13

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

CIV-LENARD

MAGISTRATE JUDGE
SIMONTON

**DEFENDANTS**

ANY AND ALL ASSETS OF THE BATALLA SETTLEMENT, etc.
ANY AND ALL ASSETS OF THE CHILDREN'S ASSISTANCE
TRUST, ETC., AND ANY AND ALL FUNDS IN ACCOUNT NO.
20357480001 IN THE NAME OF "QUADRANGLE
NOMINEES LTD K207, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AUSA Barbara Papademetriou
99 NE 4th Street
Miami, Florida 33132
(305) 961-9036

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 1:03cv22884 JAL AMS

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY | TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | B☐ 555 Prison Condition | | | A OR B |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

21 U.S.C. § 881(AA)(6) - Forfeiture drug proceeds

LENGTH OF TRIAL
via __15__ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE  MIDDLEBROOKS    DOCKET NUMBER

01-3454-Civ-DMM
01-1181-Civ-DMM
00-2850-Civ-DMM
00-0656-Civ-DMM

DATE    October 28, 2003

SIGNATURE OF ATTORNEY OF RECORD
Barbara Papademetriou
AUSA Barbara Papademetriou

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.